**Internal Revenue Service**
Appeals Office
300 North Los Angeles Street
MS LA-8000 Room 3054
LOS ANGELES, CA 90012

**Department of the Treasury**

**Person to Contact:**
Zane Janish
Employee ID Number: 95-09318
Tel: (213)576-4822
Fax: 213-576-4803
Contact Hours: 6:30 A.M. - 4:00 P.M.
**Refer Reply to:**
AP:FW:LA:ZCJ
**In Re:**
Collection Due Process - Levy
**Tax Period(s) Ended:**
12/1990 12/1991 12/1992 12/1993
12/1997

Date: MAY 05 2005

PETER & JEANNE LOCKE
1448 15TH ST. STE. 202
SANTA MONICA CA 90404-2756

**DECISION LETTER**
**CONCERNING EQUIVALENT HEARING UNDER SECTION 6320 and/or 6330 of the Internal Revenue Code**

Dear Mr. & Mrs. Locke:

We have reviewed the proposed collection action for the period(s) shown above. This letter is our decision on your case. A summary of our decision is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

Your case will be returned to the originating IRS office for action consistent with the decision summarized below and described on the attached page(s).

If you have any questions, please contact Zane Janish at the telephone number shown above.

**Summary of Decision**
The proposed collection action, the levy of property belonging to you, was appropriate at the time it was originally proposed.

Sincerely,

Keith I. Matsuda
Appeals Team Manager

cc: Jeffrey Dean Moffatt

EXHIBIT
10

**Attachment to Decision Letter**
Tax Type/Form Number: Income/1040
Tax Period(s) Ended: 199012 199112 199212 199312 199712
In reference to CDP notice dated: 02/09/2004

***1. Applicable Law(s) and Administrative Procedure(s):***
There are unpaid assessed liabilities at present. The only legal requirements before taking general enforcement action are notice and demand for payment of the liabilities, neglect or refusal to pay, the notice of intent to levy, and notice of right to a Collection due process hearing. Evidence in the case file indicates all legal and procedural requirements were met and the collection action proposed – the levy of property belonging to you - was appropriate under the circumstances. This Appeals Officer has not had any prior involvement with the liabilities at issue.

***2. Specific Issues:***
Per the Form 12153, it appears you wished to challenge the existence and/or amount of the underlying liabilities. Per IRC § 6330(c)(2)(B), a taxpayer may challenge the existence or amount of the underlying liability in a collection due process case, if the person did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute such liability. In the instant case, the unpaid liabilities are as a result of unpaid balance due returns. Therefore, you are not precluded from challenging the existence or amount of the underlying liabilities. On 10/19/2004, a letter was sent to you requesting you to call to schedule an appointment for their Collection Due Process hearing, in response to which we received a letter from your representative wherein he stated he would like your appeal done via mail since he had a trial in Tax Court in both November and December and trials scheduled in Arizona. On 11/03/2004, we sent a letter to you as follows:

This letter is in response and follow up to the letter from your representative, Mr. Jeffrey D. Moffat, dated 10/29/2004, received 11/01/2004, in response to my letter of 10/19/2004, wherein I asked you and/or Mr. Moffat to call within ten days to schedule an appointment for your Collection Due Process Hearing. In his letter he stated he would like your appeal to be done via mail since he has a trial in Tax Court in both November and December and trials scheduled in Arizona.

Conducting your Collection Due Process Hearing by correspondence is an acceptable alternative to a face-to-face conference hearing. However, Mr. Moffat did not propose any collection alternative in his response, but merely stated: "I look forward to your correspondence". The conference hearing is your opportunity to request an alternative to the proposed levy such as an Installment Agreement or Offer In Compromise. Consequently, it is imperative I be informed as to how you wish to proceed with the disposition of your Collection Due Process case(s).

As indicated in his attachment to the Form 12153, Request for a Collection Due Process Hearing, he has submitted both a penalty abatement request (which, if granted will drop the balance considerably) and an Offer In Compromise, based on doubt as to liability. If either of these is denied, you have the right to Appeal the denial(s). No levy action will be taken while the Offer In Compromise is under consideration. Given all of the foregoing, it is unclear why a Collection Due Process Hearing was even requested.

If you still wish a Collection Due Process Hearing, conducted via correspondence, please submit your proposed alternative to the proposed levy action, other than those already under consideration, within two weeks of the date of this letter. If you no longer wish a Collection Due Process Hearing, as you already have alternatives under consideration, please submit a withdrawal of your request for a Collection Due Process Hearing in writing within two weeks of the date of this letter.

If I have not received a response as to how you wish to proceed with the disposition of your Collection Due Process case(s), I will have no choice but to presume you do not wish to propose an alternative to the proposed levy action other than those already under consideration, and do not wish to withdraw your request for a Collection Due Process Hearing. Your hearing will then consist of a review of the information in your request and case file. I will then send you a decision letter setting forth my findings.

If you have any questions, please contact me at the telephone number, facsimile number or address as shown above. Thank you for your continued cooperation. It is appreciated.

We sent a second letter to you on 12/01/2004 as follows:
On November 3, 2004, I sent you a letter, a copy of which is attached, wherein I requested you inform me as to how you wished to proceed with the disposition of your Collection Due Process case(s) within two weeks of the date of the letter, or no later than November 17, 2004. On November 16, 2004, your representative, Mr. Jeffrey D. Moffat, called me to discuss my letter at which time he indicated you would be submitting a withdrawal of your request for a Collection Due Process Hearing in writing within ten days, or no later than November 26, 2004. No response has been received to date.

Consequently, it is imperative I be informed as to how you wish to proceed with the disposition of your Collection Due Process case(s). If you still wish to withdraw your request for a Collection Due Process, please submit your written request within one week from the date of this letter. If you do not respond to this letter, we will issue a decision letter as required by law, based on your CDP request, any information you previously provided to this office about the applicable tax period(s), and the Service's administrative file and records.

Please contact me with any questions or concerns you have regarding this letter or the CDP procedures. My telephone number is listed above.

You failed to respond. You have raised no other specific issues and have not made any other proposal for resolution through payment(s).

***3. Intrusiveness of Proposed Collection Action:***
You have made no other proposal for resolution through payment(s) or presented any evidence to establish that the proposed Collection action, the levy of property belonging to you, did not balance the need for the efficient collection of taxes with the legitimate concern that any Collection action be no more intrusive than necessary at the time it was originally proposed.