# Appeals Transmittal and Case Memo

Date: **MAY 0 5 2005**

| 1. Routing To: APS | From: Appeals Code: 160 |
|---|---|
| Copy to: ___ Examination  **X** Collection  ___ EP/EO  ___ Other ___ | D.O. <u>17</u><br>Area 9 - Laguna Niguel<br>AP:FW:LA:ZCJ<br>(213)576-4822 |

**2. Features:**

| ___ Examination or EP/EO Follow-up | ___ Restricted Interest | ___ EP/EO Determination |
|---|---|---|
| ___ Closing Agreement | ___ Trust Fund Recovery Penalty | ___ Form(s) 885-F/4668 Attached |
| ___ Fraud Penalty Removal | ___ Joint Committee | ___ International Issue |
| ___ Transferee Assessment | ___ Audit Statement Attached | ___ Potential Competent Authority |
| ___ Form(s) 5479 Attached | ___ Offer in Compromise | **X** Other  DPLV-EH |

**3. Taxpayer(s)**
PETER & JEANNE LOCKE
1448 15TH ST. STE. 202
SANTA MONICA CA 90404-2756

TIN: [redacted]    Work unit No.: 6004279020

**4. Related Taxpayer:**
Name: Locke, Peter & Jeanne
TIN/SSN No: [redacted]
Work unit No: 6004279022
Year(s): 200212

Name:
TIN/SSN No:
Work unit No:
Year(s):

**5. Tax Years: (*KTY)**
~~12/1990~~ ~~12/1991~~ ~~12/1992~~ ~~12/1993~~ (12/1994) ~~12/1997~~

**6. Type of Case:**
Due Process - Levy

**7. Prior Findings:**

| Tax | Penalty |
|---|---|
| $0.00 | $0.00 |

**8. Revised Findings:**

| Tax | Penalty |
|---|---|
| $0.00 | $0.00 |

**9. Disposal Information**
___ Agreed, Form No. _____
**X** Unagreed  Decision Letter to be Issued - Copy Attached

___ Foundation Classification
___ SND To Be Issued - Copy Attached
___ Premature Referral *(See Remarks)*

___ Trial Preparation
___ Review of Counsel Settlement
___ Other *(See Remarks)*

**10. Other Information:**

| No. of Conferences | Taxpayer's Representative<br>JEFFREY DEAN MOFFATT | Area Counsel Attorney | Docket No. | Examiner<br>Barb Elliston |
|---|---|---|---|---|

**11. Remarks:**   SEE ATTACHED APPEALS CASE MEMO
Penalty Reason Code(s):
N/C Reason Code(s):
ARDI Code(s): 199012/7 199112/7 199212/7 199312/7 199412/7 199712/7
Closing Code: 14
COLLECTION SUSTAINED OT

**EXHIBIT 11**

| 12. Appeals Officer/Settlement Officer<br>Zane Janish | Date<br>12/15/04 | Grade<br>13 | Time<br>6 Hrs. | 13. Form(s) 5403 | 14. Earliest Statute Date<br>11/16/2008 |
|---|---|---|---|---|---|
| 15. Approved **X**<br>Keith I. Matsuda, Appeals Team Manager | | | Date:<br>DEC 1 5 2004 | 16. Area Counsel | Date: |

Department of the Treasury - Internal Revenue Service          Form **5402**-c (Rev. 10/1993)

Ex. 11 pg. 1

# APPEALS CASE MEMORANDUM

## COLLECTION DUE PROCESS - LEVY

### SUMMARY AND RECOMMENDATION

Was the proposed levy action of property belonging to the taxpayers appropriate?

Yes. The proposed levy action of property belonging to the taxpayers was appropriate at the time it was originally proposed.

### BRIEF BACKGROUND

On 02/09/2004, a notice of intent to levy was sent to the taxpayers advising them of the government's intent to take distraint collection action if the assessed liabilities were not paid for 199012, 199112, 199212, 199312, 199412 and 199712. On 07/26/2004, a notice of intent to levy was sent to the taxpayers informing them of the government's intent to take distraint collection action if the assessed liability for 200212 was not paid. On 08/31/2004, a Form 12153, Request for a Collection Due Process Hearing, was received with a postmark of 08/25/20004. This qualifies as a timely request for a Collection due process hearing for 200212, does not qualify as a timely request for 199012, 199112, 199212, 199312, 199412 and 199712, but still entitles the taxpayer to an equivalent hearing for 199112, 199212, 199312, 199412 and 199712.

### DISCUSSION AND ANALYSIS

The Form 12153 states "see attached". The attachment, states, in pertinent part(s): "The possibility for alternative collection actions exists. A penalty abatement was submitted 8/5/04 which if granted will drop the balance considerably. Am Offer In Compromise was submitted and signed for, via Certified Return Receipt on July 6, 2004."

The underlying liabilities are as a result of unpaid balance due returns.

---

**TAXPAYER(S):** Peter & Jeanne Locke
**TAX PERIODS:** 199012 199112 199212 199312 199412 199712 200212       [1]

### 1. *Applicable Law(s) and Administrative Procedure(s):*

There are unpaid assessed liabilities at present. The only legal requirements before taking general enforcement action are notice and demand for payment of the liabilities, neglect or refusal to pay, the notice of intent to levy, and notice of right to a Collection due process hearing. Evidence in the case file indicates all legal and procedural requirements were met and the collection action proposed - the levy of property belonging to the taxpayers - was appropriate under the circumstances. This Appeals Officer has not had any prior involvement with the liabilities at issue.

### 2. *Specific Issues:*

Per the Form 12153, it appears the taxpayers wished to challenge the existence and/or amount of the underlying liabilities. Per IRC § 6330(c)(2)(B), a taxpayer may challenge the existence or amount of the underlying liability in a collection due process case, if the person did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute such liability. In the instant case, the unpaid liabilities are as a result of unpaid balance due returns. Therefore, they are not precluded from challenging the existence or amount of the underlying liabilities. On 10/19/2004, I sent a letter to the taxpayers requesting them to call to schedule an appointment for their Collection Due Process hearing, in response to which I received a letter from their representative wherein he stated he would like their appeal done via mail since he had a trial in Tax Court in both November and December and trials scheduled in Arizona. On 11/03/2004, I sent a letter to the taxpayers as follows:

This letter is in response and follow up to the letter from your representative, Mr. Jeffrey D. Moffat, dated 10/29/2004, received 11/01/2004, in response to my letter of 10/19/2004, wherein I asked you and/or Mr. Moffat to call within ten days to schedule an appointment for your Collection Due Process Hearing. In his letter he stated he would like your appeal to be done via mail since he has a trial in Tax Court in both November and December and trials scheduled in Arizona.

Conducting your Collection Due Process Hearing by correspondence is an acceptable alternative to a face-to-face conference hearing. However, Mr. Moffat did not propose any collection alternative in his response, but merely stated: "I look forward to your correspondence". The conference hearing is your opportunity to request an alternative to the proposed levy such as an Installment Agreement or Offer In Compromise. Consequently, it is imperative I be informed as to how you wish to proceed with the disposition of your Collection Due Process case(s).

---

**TAXPAYER(S):** Peter & Jeanne Locke
**TAX PERIODS:** 199012 199112 199212 199312 199412 199712 200212         [2]

As indicated in his attachment to the Form 12153, Request for a Collection Due Process Hearing, he has submitted both a penalty abatement request (which, if granted will drop the balance considerably) and an Offer In Compromise, based on doubt as to liability. If either of these is denied, you have the right to Appeal the denial(s). No levy action will be taken while the Offer In Compromise is under consideration. Given all of the foregoing, it is unclear why a Collection Due Process Hearing was even requested.

If you still wish a Collection Due Process Hearing, conducted via correspondence, please submit your proposed alternative to the proposed levy action, other than those already under consideration, within two weeks of the date of this letter. If you no longer wish a Collection Due Process Hearing, as you already have alternatives under consideration, please submit a withdrawal of your request for a Collection Due Process Hearing in writing within two weeks of the date of this letter.

If I have not received a response as to how you wish to proceed with the disposition of your Collection Due Process case(s), I will have no choice but to presume you do not wish to propose an alternative to the proposed levy action other than those already under consideration, and do not wish to withdraw your request for a Collection Due Process Hearing. Your hearing will then consist of a review of the information in your request and case file. I will then send you a decision/determination letter setting forth my findings and the actions you will need to take should you wish to pursue this matter in the tax Court.

If you have any questions, please contact me at the telephone number, facsimile number or address as shown above. Thank you for your continued cooperation. It is appreciated.

I sent a second letter to the taxpayers on 12/01/2004 as follows:
On November 3, 2004, I sent you a letter, a copy of which is attached, wherein I requested you inform me as to how you wished to proceed with the disposition of your Collection Due Process case(s) within two weeks of the date of the letter, or no later than November 17, 2004. On November 16, 2004, your representative, Mr. Jeffrey D. Moffat, called me to discuss my letter at which time he indicated you would be submitting a withdrawal of your request for a Collection Due Process Hearing in writing within ten days, or no later than November 26, 2004. No response has been received to date.

**TAXPAYER(S):** Peter & Jeanne Locke
**TAX PERIODS:** 199012 199112 199212 199312 199412 199712 200212   [3]

Consequently, it is imperative I be informed as to how you wish to proceed with the disposition of your Collection Due Process case(s). If you still wish to withdraw your request for a Collection Due Process, please submit your written request within one week from the date of this letter. If you do not respond to this letter, we will issue a decision/determination letter as required by law, based on your CDP request, any information you previously provided to this office about the applicable tax period(s), and the Service's administrative file and records.

Please contact me with any questions or concerns you have regarding this letter or the CDP procedures. My telephone number is listed above.

The taxpayers failed to respond. The taxpayers have raised no other specific issues and have not made any other proposal for resolution through payment(s).


### 3. *Intrusiveness of Proposed Collection Action:*
The taxpayers have made no other proposal for resolution through payment(s) or presented any evidence to establish that the proposed Collection action, the levy of property belonging to them, did not balance the need for the efficient collection of taxes with the legitimate concern that any Collection action be no more intrusive than necessary at the time it was originally proposed.

It is recommended a notice of determination for 200212 and a decision letter for 199012, 199112, 199212, 199312, 199412 and 199712 be issued to the taxpayers sustaining the proposed levy of property belonging to the taxpayers as appropriate to enable them to petition the Tax Court should they wish to pursue this matter further for 200212.

---

**TAXPAYER(S):** Peter & Jeanne Locke
**TAX PERIODS:** 199012 199112 199212 199312 199412 199712 200212       [4]