**Jeffrey D. Moffatt, Attorney**

3/13/06
Internal Revenue Service
Group 32 OIC
225 W. Broadway, Third Floor
Glendale, CA 91204.

To: L Hernandez, employee 95-08860
From: Jeff Moffatt
Re: Peter and Jeanne Locke, additional information regarding OIC. 1000520896
Tax Payer #: 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
Date: 3/13/04

**REQUEST FOR APPEAL OF DENIED OFFER IN COMPROMISE**

Although I have received your denial of the OIC, on or about March 10, 2006, I initially submitted, I bring to your attention relevant facts, which bring forth evidence your calculations that my clients are able to more than fully pay outstanding obligations to the IRS. Based on this information, I am formally appealing the initial denial of the OIC.

A. Statement of Law and Procedure the IRS is bound to:

1. An OIC is mandated under IRM, chapter 5700 57(10) 5.1, when "a tax liability cannot be realistically collected in full".
2. The offer was based on a substantial percentage of claimed liability to the IRS; given the current national average of accepted OIC's, given my last received statistics of 14.6% my client's offer was reasonable and not inconsequential. .
3. IRM 57 (10) 1.1 " **The ultimate goal [of the OIC] is a compromise which is the best interest of both the taxpayer and the Service. Acceptance of an adequate offer will result in creating, for the taxpayer, an expectation of a fresh start toward compliance with all future filing and payment requirements."**
4. IRM 5700, 57(10)(10).1 (2-26-92) An offer is adequate if it "reasonably reflects collection potential".
5. A bankruptcy proceeding would discharge the majority of my client's debt, since Code Section 507 (a)(7)(A)(i) discharges 1040 debt, Interest and penalties for filed tax periods 3 years prior to the date of bankruptcy. As such, since a large percentage of the claimed debt is over 3 years old, this debt is dischargeable. If a debt is dischargeable but a taxpayer is willing to pay a portion of the dischargeable debt, this fits back under item 4, since this

43625 N. Sierra Hwy, Ste A.
Lancaster, CA 93534

Phone: (661)945-612
Fax: Telephone # (661)940-491
Alternate Fax # (661)945-301

reasonably reflects collection potential; In this case what is offered, exceeds collection potential if bankruptcy is forced into the equation by the Service.

6. IRM 5700, 57(10)(10).1(2) **" Rejection of an offer solely based upon narrow asset and income evaluations should be avoided. The Service should attempt to negotiate offer agreements, which are in the best interest of all parties. Included in determining the government's interests are the costs of collection. If an offer is rejected because more can be collected than is offered, it is generally expected that the amount determined to be collectible will actually be collected."**
7. In determining actual ability to pay IRM 57(10)(13). (10(1) states "the issue is how much of the taxpayer's income is or will be realistically available to pay the delinquent taxes." Therefore net income, and not gross income needs to be used in the equation, rather than Gross income, as was used in the initially denied OIC.
8. Reviews of OIC's for abuse of discretion are being reviewed under the Robinnette and Ewing cases. Given the errors that occurred to my client, we are not waiving an option to take this abuse of discretion in front of the Tax Court.

B. Statement of facts regarding issues I disagree

1. Your focus is that my client is not in compliance with 2005 and based on that claim you are denying the OIC. The rule is that client needs to be in current compliance. Given that we are in 2006, and an estimated amount of $600 was paid towards first quarter 2006, my client is in current compliance.
2. This is the only reason cited for failing to provide an OIC to my client, as such, I request the OIC to be moved to Appeals for further consideration.

Signed under Penalty of Perjury

"Under penalties of perjury, I declare that I have examined the facts stated in this protest, including any accompanying documents, and to the best of my knowledge and belief, they are true, correct, and complete."

Respectfully submitted,

Jeffrey Dean Moffatt, Esq.

Jeff Moffatt, Tax Attorney /
Mediator
43625 N Sierra Hwy. STE. A
Lancaster, CA 93534

Internal Revenue Service
Group 32 OIC
225 W. Broadway, Third Floor
Glendale, CA 91204.