**should attempt to negotiate offer agreements, which are in the best interest of all parties. Included in determining the government's interests are the costs of collection. If an offer is rejected because more can be collected than is offered, it is generally expected that the amount determined to be collectible will actually be collected."**

7. In determining actual ability to pay IRM 57(10)(13). (10(1) states "the issue is how much of the taxpayer's income is or will be realistically available to pay the delinquent taxes." Therefore net income, and not gross income needs to be used in the equation, rather than Gross income, as was used in the initially denied OIC.

B. Statement of facts regarding issues I disagree

1. My client has dementia, and Alzheimer's. As such she had no control. Without the control, she should not be liable for any debt.
2. 

Signed under Penalty of Perjury

"Under penalties of perjury, I declare that I have examined the facts stated in this protest, including any accompanying documents, and to the best of my knowledge and belief, they are true, correct, and complete."

Respectfully submitted,

Jeffrey Dean Moffatt, Esq.



**Jeffrey D. Moffatt, Attorney**

7-10-06
Internal Revenue Service

AMC
Stop 880
P.O. Box 30834
Memphis, TN 38130-0834

Re: Jeanne Locke,
Tax Payer #: 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

**OFFER IN COMPROMISE**

I bring to your attention relevant facts, which bring forth evidence my client is not liable for any outstanding amount.

A. Statement of Law and Procedure the IRS is bound to:

1. An OIC is mandated under IRM, chapter 5700 57(10) 5.1, when "a tax liability cannot be realistically collected in full".
2. The offer was based on a substantial percentage of claimed liability to the IRS; given the current national average of accepted OIC's, given my last received statistics of 14.6% my client's offer was reasonable and not inconsequential. .
3. IRM 57 (10) 1.1 " **The ultimate goal [of the OIC] is a compromise which is the best interest of both the taxpayer and the Service. Acceptance of an adequate offer will result in creating, for the taxpayer, an expectation of a fresh start toward compliance with all future filing and payment requirements."**
4. IRM 5700, 57(10)(10).1 (2-26-92) An offer is adequate if it "reasonably reflects collection potential".
5. A bankruptcy proceeding would discharge the majority of my client's debt, since Code Section 507 (a)(7)(A)(i) discharges 1040 debt, Interest and penalties for filed tax periods 3 years prior to the date of bankruptcy. As such, since a large percentage of the claimed debt is over 3 years old, this debt is dischargeable. If a debt is dischargeable but a taxpayer is willing to pay a portion of the dischargeable debt, this fits back under item 4, since this reasonably reflects collection potential; In this case what is offered, exceeds collection potential if bankruptcy is forced into the equation by the Service.
6. IRM 5700, 57(10)(10).1(2) " **Rejection of an offer solely based upon narrow asset and income evaluations should be avoided. The Service**

43625 N. Sierra Hwy, Ste A.
Lancaster, CA 93534

Phone: (661)945-6121
Fax: Telephone # (661)945-3019