IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-629 T
(Judge Christine O.C. Miller)

PETER J. AND JEANNE LOCKE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT**

In their response to the United States' motion to dismiss the complaint, plaintiffs failed to address our points directly, instead making new allegations or contentions that are simply untenable. We address them briefly here.

**A. Subject-matter jurisdiction over actions under Section 7433(a) of the Internal Revenue Code lies exclusively with the district courts, not this Court**

Plaintiffs now contend that their property was levied while they had a pending offer in compromise, and that this constituted an "unauthorized collection action" within the meaning of 26 U.S.C. § 7433. *See* Pls.' Resp. at 6-10. Section 7433(a):

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages

> against the United States in a district court of the United States. Except as provided in Section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

Since § 7433(a) expressly permits suit only "in a district court of the United States," this Court does not have jurisdiction to hear § 7433 claims. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (holding that because Court of Federal Claims is not a district court, it lacks subject matter jurisdiction over claims founded upon § 7433(a)); *Standifird v. United States*, 32 Fed. Cl. 731, 734 (1995).[1]

Relatedly, plaintiffs also contend that § 7433 constitutes a "money-mandating" statute under Supreme Court precedent interpreting the Tucker Act, and hence gives this Court jurisdiction over the complaint under the Tucker Act. *See* Pls.' Resp. at 14-16 (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472-73 (2003)). Plaintiffs' contention is belied by the language of § 7433(a), which expressly provides that the remedy it affords is the exclusive remedy for a violation of its provisions, with one exception not relevant here.[2] *See* §

---

[1]It should be clarified that, even if the Court had jurisdiction over plaintiffs' § 7433 claim, their contention that the offers in compromise allegedly submitted on September 27, 2005 (Plt. Ex. 3p), and July 10, 2006 (Plt. Ex. 7p), somehow "protected" them from IRS collection action is baseless. As discussed in our opening brief at 2-4, on August 2, 2004, plaintiffs formally submitted to the IRS Appeals Office a request for a collection due process hearing after having submitted an offer in compromise (which would have been processed by the Examination Division). They were given an opportunity by the Appeals Officer to withdraw the hearing request so that the offer could be processed, but they did not do so. Accordingly, the Appeals Officer proceeded with the hearing and reached the conclusion, embodied in formal decision letters and a notice of determination dated May 5, 2005, that the proposed levy should be sustained. Thus, it appears that the alleged subsequent offers referred to in plaintiffs' response are no more than red herrings.

[2]That exception is an action under 26 U.S.C. § 7432, which provides for a civil action in district court "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under Section 6325 on property of the taxpayer."

7433(a). Accordingly, § 7433(b), the particular provision in § 7433 that plaintiffs incorrectly contend is money-mandating for purposes of Tucker Act jurisdiction, provides only for damages against the United States in actions under § 7433. *See* § 7433(b) (providing for damages against the United States upon a finding of liability "[i]n any action brought under subsection (a) or petition filed under subsection (e)").[3]

**B. The Administrative Procedure Act (APA) does not invest this Court with subject-matter jurisdiction over the plaintiffs' complaint**

Plaintiffs seem to argue that they are entitled to review in this Court of the denial of their offer in compromise under the APA. *See* Pls.' Resp. at 11-12; *see also* Compl. ¶ 8. This argument fails for multiple reasons. First, this Court lacks jurisdiction to review agency action under the APA. *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc) ("the Court of Federal Claims lacks APA jurisdiction"); *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993) ("the Claims Court has no authority to invoke the APA"). This is so because "the APA itself addresses 'relief other than money damages.'" *McNabb v. United States*, 54 Fed. Cl. 759, 767 (2003) (quoting 5 U.S.C. § 702).

Second, the relief plaintiffs seek is, in any event, not available under the APA. Plaintiffs' complaint seeks money damages. *See* Compl. ¶ 19 ("Petitoner's [sic] request the return of the wrongful levy, as well as legal fees."). The APA, however, does not provide jurisdiction over claims for money damages. *See* 5 U.S.C. § 702 ("An action in a court of the United States *seeking relief other than money damages* and stating a claim that an agency or an officer or

---

[3]Section 7433(e) provides for an action in bankruptcy court for damages resulting from willful violations of certain provisions of the Bankruptcy Code. Like § 7433(a), it expressly provides that its remedy is exclusive. *See* § 7433(e)(2).

employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." (emphasis added)); *Castella v. Army & Air Force Exch. Serv.*, 657 F. Supp. 25, 27 (N.D. Tex. 1986) (the "APA confers jurisdiction on a District Court only with respect to non-monetary claims") (citing 5 U.S.C. § 702).

Finally, even if this Court did, as a general matter, have jurisdiction under the APA, and plaintiffs' complaint had sought non-monetary relief, this Court would still lack jurisdiction to review the denial of plaintiffs' offer in compromise because the denial of an offer in compromise is not reviewable under the APA. The authority for the Secretary of the Treasury to enter into an offer in compromise is provided by 26 U.S.C. § 7122(a), which provides that "the Secretary *may* compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense . . . ." (Emphasis added.) The APA, however, does not permit review of agency actions when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Since the Secretary's authority to compromise tax liabilities is discretionary, a denial of an offer in compromise is not reviewable under the APA. *See Asemani v. United States*, 2004 WL 2649718, at *3 (M.D. Pa. Oct. 19, 2004) (citing 5 U.S.C. § 701(a), and holding that "[t]he discretionary denial of the Plaintiff's Offer in Compromise by the IRS is not reviewable under the APA").

**C. This Court's limited jurisdiction under the Tucker Act over claims for injunctive and declaratory relief in government contracts actions does not give this Court subject-matter jurisdiction over plaintiffs' complaint**

Plaintiffs also maintain that this Court has subject-matter jurisdiction over their complaint under a 1988 amendment to the Tucker Act that gave this Court jurisdiction over certain claims

for injunctive and declaratory relief in government contract actions. *See* Pls.' Resp. at 16-17 (quoting *United Sales, Inc. v. United States*, 34 Fed. Cl. 88, 94 (1995) (quoting 28 U.S.C. § 1491(a)(3) (1995)). This contention is mistaken. As a threshold matter, the particular statutory provision that plaintiffs rely upon was repealed in 1996. *See* Administrative Dispute Resolution Act of 1996, Pub. L. No. 104-320, § 12, 110 Stat. 3870 (1996) (repealing 28 U.S.C. § 1491(a)(3)). Furthermore, the statutory language added to § 1491 by the Administrative Dispute Resolution Act of 1996 in place of former § 1491(a)(3) does not give this Court jurisdiction over claims for declaratory or injunctive relief in tax cases; rather, it does so only in certain types of government contracts cases. *See* 28 U.S.C. § 1491(b)(1), (b)(2) (granting this Court "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement," and providing that, "[t]o afford relief *in such an action*, the courts may award any relief that the court considers proper, including declaratory and injunctive relief" (emphasis added)).[4]

**D. Plaintiffs are not third-party nontaxpayers**

Plaintiffs apparently now contend that if their offer in compromise allegedly submitted in July 2006 had been considered by the IRS, then it would have been accepted, and, as a result, plaintiffs' (or, at least plaintiff Jeanne Locke's) tax liability would have been compromised. *See* Pls. Resp. at 10-11. According to plaintiffs, it somehow follows from this contention that

[4]We note that this Court's declaratory judgment jurisdiction in federal tax cases is limited to judgments relating to the status and classification of certain specified organizations. *See* 26 U.S.C. § 7428.

plaintiffs should be treated as third-party nontaxpayers for purposes of establishing wrongful levy jurisdiction under *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981). *See* Pls.' Resp. at 11; Def.'s Mot. to Dismiss at 5-7.

Plaintiffs' argument on this score is a resounding *non sequitur*. Even assuming, *arguendo*, that the offer in compromise would not have been rejected by the IRS, it does not follow from this that either plaintiff is a third-party nontaxpayer with respect to the levied funds they seek to recover in this case. The funds at issue were levied to satisfy tax liabilities with respect to plaintiffs' joint federal income tax returns–liabilities as to which they each have joint and several liability. *See* 26 U.S.C. § 6013(d)(3).

**E. Plaintiff's reliance on *WWSM Investors v. United States* is misplaced**

Plaintiffs' reliance on *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995), as a basis for refund jurisdiction in this case is misplaced. *See* Pls'. Resp. at 17-18. *WWSM Investors* held that a third party whose property has been levied to satisfy the tax liabilities of another can file a claim for refund for such property even if the statute of limitations to bring a wrongful levy action has run. *WWSM Investors*, 64 F.3d at at 458-59. It did not in any way, however, attempt to obviate the well-established jurisdictional prerequisites to bringing a refund suit, which plaintiffs have failed to satisfy in this case because they have not filed an administrative claim for refund nor have they fully paid their outstanding tax liabilities for the years in suit. *See* Def.'s Mot. to Dismiss at 8-9.[5]

---

[5]The United States further notes that the issue addressed by the Ninth Circuit in *WWSM Investors*, whether a third-party nontaxpayer who claims a wrongful levy can also file a suit for refund of the levied property is presently pending before the United States Supreme Court in *EC Term of Years Trust v. United States*, No. 05-1541 (U.S.), which was argued on February 26, (continued...)

**F. This Court lacks jurisdiction over collection due process determinations**

Plaintiffs argue that this court also has jurisdiction over the complaint as an appeal from a collection due process hearing under 26 U.S.C. § 6330(d)(1) because "if the District court has jurisdiction to review CDP hearings, then this court should have similar jurisdiction." Pls.' Resp. at 9. This contention is specious. The version of § 6330(d)(1) that applies to the final collection due process determination plaintiffs received for the 2002 tax year provides, in pertinent part:

> *Judicial Review of Determination.* — The person may, within 30 days of a determination under this section, appeal such determination—
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

*See* Def.'s Mot. to Dismiss at 9-10.

**G. Plaintiffs do not have a colorable Fifth Amendment takings claim**

It is beyond cavil that, as discussed in our opening brief at 10, collection of a tax by means of a levy is not a Fifth Amendment taking. Consequently, this Court lacks jurisdiction over Fifth Amendment takings claims for tax levies. *See Castillo Morales v. United States*, 19

---

[5](...continued)
2007. In *EC Term of Years Trust*, the Fifth Circuit reaffirmed its previous holdings that § 7426(a)(1) provides the exclusive remedy for a wrongful levy, and consequently held, *contra WWSM Investors*, that a third party claiming wrongful levy could not bring a suit for refund of the levied property. *EC Term of Years Trust v. United States*, 434 F.3d 807, 809 (5th Cir. 2006).

If the Supreme Court affirms the Fifth Circuit in *EC Term of Years Trust*, and adopts the Fifth Circuit's reasoning (and the position of the United States) that § 7426(a)(1) provides the exclusive remedy for a wrongful levy, this Court would be free to reconsider the holding in *Gordon v. United States*, 649 F.2d 837, 839 (Ct. Cl. 1981) that an implied-in-fact contract action under the Tucker Act provides an alternate remedy to that afforded by § 7426. The Court need not do so in this case, however, since this Court lacks jurisdiction even under *Gordon* because plaintiff's wrongful levy claims seek recovery of property levied to satisfy their own tax liabilities, not those of a third party. *See* Def.'s Mot. to Dismiss at 5-7.

Cl. Ct. 342, 345 (1990) (holding that court lacked subject matter jurisdiction over claims that levies constituted Fifth Amendment takings).

## CONCLUSION

For the reasons stated herein and those stated in the motion to dismiss the complaint, the complaint should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

April 19, 2007

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

April 19, 2007

s/ Mary M. Abate
Of Counsel